IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JODY C. COONLEY,
        Plaintiff,

v.                                                        Civil Action No. 3:18-cv-00192-JAG

WELLS FARGO BANK, NATIONAL
ASSOCIATION,
        Defendant.

## OPINION

The plaintiff, Jody C. Coonley, brings two breach of contract claims against the defendant, Wells Fargo Bank. Wells Fargo has moved to dismiss Coonley's complaint for failure to state a claim. Because Coonley does not qualify as a third party beneficiary to either contract in dispute, the Court will grant Wells Fargo's motion to dismiss.

## I. FACTS ALLEGED IN THE COMPLAINT

In 2004, Morie D. Grantham purchased a home in Midlothian, Virginia. Grantham financed the purchase with a loan, reflected in a note[1] secured by a deed of trust.[2] In 2013, Grantham gave the property to Coonley, who later became the executrix of Grantham's estate after Grantham's death.

On August 10, 2016, Wells Fargo sent a notice to the "Estate of Morie D. Grantham" stating that Grantham had defaulted in the amount of $4,644.76, and that Wells Fargo could accelerate the loan if her estate did not pay by September 14, 2016. Although Wells Fargo did not accelerate the loan, on September 25, 2016, Coonley paid Wells Fargo $4,644.76 on behalf of Grantham's estate. Coonley made no further payments.

---

[1] The note is actually called a "Prime Equity Line of Credit Agreement & Disclosure Statement."
[2] The original lender, Wachovia Bank, later merged with the defendant, Wells Fargo.

Coonley says that Wells Fargo had an obligation to send monthly bills to her, either as personal representative of Grantham's estate or as the homeowner. Coonley never received any statements addressed to her, Grantham, or Grantham's estate after her September 2016 payment. Wells Fargo claims that it sent a monthly statement for December 2016.

On April 13, 2017, Wells Fargo conducted a foreclosure sale of the property. Peppertree Investments, LLC, purchased the property. Wells Fargo reported the foreclosure to credit reporting agencies, allegedly damaging Coonley's credit score and causing her to pay a substantially higher interest rate to purchase a new home.

On April 27, 2017, Peppertree filed an unlawful detainer action against Coonley in the General District Court of Chesterfield County, Virginia. On May 12, 2017, the General District Court awarded possession of the property to Peppertree. Coonley appealed the eviction order. The parties settled the appeal, with Coonley agreeing to move out and pay a sum of money to Peppertree. Coonley claims that she incurred expenses, lost personal property, and suffered personal property damage due to relocation.

Coonley sued Wells Fargo in the Richmond Circuit Court, alleging two counts of breach of contract. She attached the loan documents to her complaint. Coonley claims that Wells Fargo breached the deed of trust by failing to send monthly statements, failing to allow a chance to cure the default, and reporting the foreclosure to credit agencies. Wells Fargo removed the action to this Court and moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), arguing that Coonley lacks standing to bring her claims.

## II. DISCUSSION[3]

### *A. Motion to Dismiss*

The parties agree that Coonley was not an original party to either the deed of trust or the note on which she bases her suit. Coonley has standing to bring her breach of contract claims, therefore, only if she qualifies as a third party beneficiary to the deed of trust and the note.

In Virginia, a third party may sue for breach of contract only when the original parties to the contract intended "to bestow a benefit upon the third party." *Envtl. Staffing Acquisition Corp. v. B & R Consrt. Mgmt., Inc.*, 283 Va. 787, 793, 725 S.E.2d 550, 553 (2012); *see also* Va. Code § 55-22. The original parties to the contract must have directly *intended* to benefit the third party to confer third party beneficiary status upon that person. *See Zuberi v. Hirezi*, No. 1:16-cv-1077, 2017 WL 436278, at *8 (E.D. Va. Jan. 30, 2017) ("The third party must show that the contracting parties clearly and definitely intended that the contract confer a benefit upon him."). A third party who would only "indirectly" or "incidentally" benefit from performance of the contract does not qualify as a third party beneficiary, even if failure to perform would injure the third party. *Valley Landscape Co. v. Rolland*, 218 Va. 257, 266, 327 S.E.2d 120, 124 (1977). To determine whether the original parties intended to benefit a third party, Virginia courts look to

---

[3] Wells Fargo has moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion gauges the sufficiency of a complaint without resolving any factual discrepancies or testing the merits of the claims. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)). The principle that a court must accept all allegations as true, however, does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a Rule 12(b)(6) motion to dismiss, a complaint must state facts that, when accepted as true, state a claim to relief that is plausible on its face. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Courts "may also examine documents referenced in the complaint." *Kelly v. United States*, 580 F. Supp. 2d 490, 492 (E.D. Va. 2008).

the plain language of the contract. *See Envtl. Staffing Acquisition Corp.*, 283 Va. at 794, 725 S.E.2d at 554.

Section 15 of the deed of trust states that "any Successor in Interest of Borrower who assumes Borrower's obligations under this Deed of Trust in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Deed of Trust." (Compl., Ex. B. ¶ 10.) The plain language of the deed of trust, therefore, indicates that the original parties did not intend to confer any benefits upon a third party unless the lender approved. Wells Fargo never approved of Coonley as a successor in interest under the deed of trust. Coonley points to no other language in the deed of trust indicating that the parties intended for their agreement to benefit her. Because Coonley only received "incidental" or "indirect" benefits from the deed of trust, she is not a third party beneficiary to the deed of trust.[4] *See Valley Landscape Co.*, 218 Va. at 266, 327 S.E.2d at 124.

Coonley further argues that she qualifies as a third party beneficiary to the note. She says that she qualifies as a third party beneficiary because Grantham gave the property to Coonley by a deed of gift. Nothing in the "four corners" of the note, however, indicates that the original parties intended to benefit Coonley. *See Obenshain v. Halliday*, 504 F. Supp. 946, 956 (E.D. Va. 1980) (citing *Richmond Shopping Ctr., Inc. v. Wiley N. Jackson Co.*, 220 Va. 135, 142, 255 S.E.2d 518, 523 (1979)). Coonley, therefore, does not qualify as a third party beneficiary to the note.

In short, Coonley has failed to demonstrate that she has standing to bring her breach of contract claims. *See Zuberi*, 2017 WL 436278, at *9 (holding that the plaintiffs lacked standing

---

[4] Coonley also claims that she has standing to sue under the deed of trust because she later obtained ownership of the property. Coonley, however, cites no authority to support this proposition.

4

when they failed to show that the original parties intended for the contract to benefit the plaintiffs). Accordingly, the Court will grant Wells Fargo's motion to dismiss.

## B. Leave to Amend

The Court notes that Coonley filed her complaint in state court under Virginia's less stringent notice pleading standard. *See* Va. Sup. Ct. R. 1:4(d) (providing that pleadings must "clearly inform[] the opposite party of the true nature of the claim or defense"). Because Wells Fargo removed the case to this Court, however, the Court gauges its sufficiency under the federal plausibility standard. *See Holland v. Chase Home Fin., LLC*, No. 2:11cv223, 2011 WL 4025220, at *9 (E.D. Va. Sept. 9, 2011) (applying the plausibility standard in a case removed from state court and denying a motion for leave to amend as futile).

Courts should "freely give" leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). In making this determination, courts may deny leave to amend in cases of undue delay, bad faith, repeated failure to cure pleading deficiencies, undue prejudice to the opposing party, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Courts have focused on prejudice, bad faith, and futility as "the only legitimate concerns in denying leave to amend, since only these relate to protection of the judicial system or other litigants." *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980).

Futility arises when an amendment cannot withstand a motion to dismiss. *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995) (citing *Glick v. Koenig*, 766 F.2d 268-69 (7th Cir. 1985)). In this case, granting leave to amend would be futile because Coonley's claim cannot withstand a motion to dismiss as a matter of law.[5] Because Coonley attached the loan

---

[5] Even if the Court weighed the sufficiency of the complaint under Virginia's pleading standard, Coonley still fails to state a claim. Although Virginia remains a notice pleading jurisdiction, complaints must "contain sufficient allegations of material facts to inform a defendant of the

documents to the complaint, and because they show that she does not qualify as a third party beneficiary to the note or the deed of trust, Coonley can plead no additional facts to establish that she has a viable claim for relief. The Court, therefore, finds that granting leave to amend would prove futile in this case. Accordingly, the Court will grant Wells Fargo's motion to dismiss.

### III. CONCLUSION

Coonley has failed to demonstrate that she has standing to assert her breach of contract claims. Accordingly, the Court will grant the defendant's motion to dismiss with prejudice.

The Court will enter an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: 26 Dec. 2018
Richmond, VA

/s/ John A. Gibney, Jr.
United States District Judge

---

nature and character of the claim." *See Preferred Sys. Sols., Inc. v. GP Consulting, LLC*, 284 Va. 382, 407, 732 S.E.2d 676 (2012). Coonley attached the deed of trust and the note to her complaint in state court. (*See* Compl., Ex. A, B.) Virginia law requires courts to look to the "four corners" of the contract to determine whether the original parties intended to benefit a third party. *Obenshain*, 504 F. Supp. at 956 (citing *Richmond Shopping Ctr., Inc.*, 220 Va. at 135, 255 S.E.2d at 518). Neither the deed of trust nor the note demonstrates that the original parties "clearly and definitely intended" to benefit Coonley. *Ward v. Ernst & Young*, 246 Va. 317, 330, 435 S.E.2d 628, 634 (1993). Absent such intent, Wells Fargo owes no legal duty to Coonley as a third party beneficiary.